## Allison v. Allison

*Therman P. Britt* and *John R. K. Scott*, for libellant.

*James A. Moore, Stanley B. Cooper* and *Thomas E. Waters*, for respondent.

DANNEHOWER, J., April 2, 1942.—On January 30, 1942, Frances H. Allison left her home in New York State and appeared as the prosecuting witness in a nonsupport action against her husband in the Court of Quarter Sessions of Montgomery County, Pa., at Norristown. While in attendance in court, she was served with a subpœna sur annulment of marriage issued in a proceeding brought by her husband against her to declare the marriage null and void.

On March 2, 1942, the return day of the subpœna, her attorneys appeared specially and filed a petition to set aside the service on the ground that she was immune from service of civil process while attending court. To the rule issued on said petition the husband filed an answer denying her immunity and alleging that she was guilty of laches because she delayed filing her petition to set aside the service from January 30, 1942, until the return day, March 2, 1942, a period of 31 days.

After argument before the court in banc, this rule is pending for determination.

It is well settled that witnesses in attendance on a court outside of the territorial jurisdiction of their residence are immune from service of civil process while attending court and for a reasonable time before and after, in going to court and returning to their homes: Ruger et al. v. Keller et al., 12 W. N. C. 371; Scott v. Simmons, 27 D. & C. 383.

Therefore, Frances H. Allison, respondent, a nonresident who came within this jurisdiction to testify as a prosecuting witness in a nonsupport case, was exempt from service of process while in attendance in court.

It is seriously contended, however, that such immunity is personal and was waived by respondent's failure to assert it promptly, because she did not file her petition to set aside the service until 31 days thereafter. With this contention we cannot agree for the reason that an application to set aside service may be made on or at any time before the return day of the writ, provided no other step has been taken in the case, and the situation of the parties has not changed meanwhile: Morrow v. Dudley & Co., 15 Dist. R. 734. Such delay did not prejudice any rights of the husband, which is essential to support a claim of laches.

And now, April 2, 1942, for the foregoing reasons, the rule to set aside service of the subpœna sur annulment is hereby made absolute, and the service set aside.